UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

KENNETH L. BIERY                                                                CASE NO. 10-23338
SANDRA K. BIERY
DEBTORS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Debtors' motion [Doc. 59] to apply Rule 7023 to their motion for contempt. In their motion for contempt [Doc. 40] (the "Contempt Motion"), Debtors assert that Beneficial Kentucky, Inc. and HSBC Mortgage Services, Inc. ("Respondents") have engaged in systemic violations of discharge orders entered by this Court, including their discharge. They seek to represent a class of similarly aggrieved debtors who have received discharges from this Court, and request that the Court allow them to conduct precertification discovery regarding their anticipated class certification motion. Therefore, Debtors request that this Court exercise its discretion under Federal Rule of Bankruptcy Procedure ("Rule") 9014(c) to direct that Rule 7023, which incorporates Federal Rule of Civil Procedure ("FRCP") 23 by reference, shall apply to the Contempt Motion. Respondents oppose Debtors' motion to apply Rule 7023.

For the reasons stated below, Debtors' motion will be granted.

I. Procedural History

Debtors filed a petition under Chapter 7 on December 22, 2010, and received their discharge on May 3, 2011. On February 12, 2013, they moved to reopen their closed case to file an adversary proceeding against Respondents for violations of their discharge. On February 26,

2013, they filed a "Class Action Complaint" against Respondents, alleging that Respondents systemically violated discharge orders of this and other bankruptcy courts and seeking actual damages, punitive damages, and declaratory and injunctive relief. [Doc. 1 in *Biery v. Beneficial Kentucky Inc.*, Adv. No. 13-2005.] Subsequently, Debtors moved for leave to take precertification discovery. [Doc. 7 in Adv. No. 13-2005.]

Respondents never filed an answer or entered an appearance in Debtors' adversary proceeding. Nonetheless, this Court dismissed Debtors' adversary proceeding sua sponte. *Biery v. Beneficial Ky. Inc.,* Ch. 7 Case No. 10-23338, Adv. No. 13-2005, 2013 WL 4602698 (Bankr. E.D. Ky. Aug. 29, 2013). Following a precedent of the Sixth Circuit, *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000), which held that civil contempt is the only remedy for violations of the discharge injunction, and a precedent of this Court, *Frambes v. Nuvell National Auto Finance, LLC (In re Frambes)*, 454 B.R. 437 (Bankr. E.D. Ky. 2011), which held that contempt must be litigated by contested matter, not adversary proceeding, the Court held Debtors had chosen an improper procedural vehicle to bring their claims. The Court further noted that the distinction between contested matters and adversary proceedings was particularly salient in the class-action context, given that Rule 7023 applies automatically in adversary proceedings, but only applies if the Court chooses to direct its application in contested matters. *Biery*, 2013 WL 4602698, at *3.

After the dismissal of Debtors' adversary proceeding, Debtors filed the Contempt Motion in their bankruptcy case on September 16, 2013, again claiming that Respondents violated their discharge. The Contempt Motion seeks declaratory and injunctive relief, monetary, statutory, actual and punitive damages, attorney's fees, and contempt sanctions. It also originally sought to certify a nationwide class of similarly situated debtors.

The Court ordered Debtors to brief whether Rule 7023, as a matter of law, could be applied in this matter.  Debtors submitted the requested memorandum, in which they narrowed the definition of their proposed class to debtors within this District.  At a hearing held on October 8, 2013, Debtors passed their class certification request.  As a result, this Court entered an order setting a discovery schedule and evidentiary hearing on Debtors' individual motion for contempt.  On November 13, 2013, Respondents entered their first appearance in this matter, claiming that Debtors improperly served the Contempt Motion and that they only became aware of this matter when Debtors served this Court's scheduling order.  They therefore sought an extension of the scheduling order, which was granted.

Subsequently, Respondents moved under Rule 9014(c) to apply Rule 7068 to Debtors' Contempt Motion.  Debtors objected and moved the Court to determine whether their class claims were within the scope of discovery, claiming that Respondents refused to answer any discovery requests which pertained to class certification.

The Court denied Respondents' motion to apply Rule 7068, reasoning that Rule 7068's purposes of encouraging settlement and penalizing the unreasonable refusal of settlement offers, were misplaced in a contempt proceeding, given the Court's interest in learning of and adjudicating contempt of its own orders.  The Court treated Debtors' motion to determine the scope of discovery as a motion to apply Rule 7023.  It further ordered Respondents to brief whether, as a matter of law, Debtors' Contempt Motion could be adjudicated on a class basis; and if so, whether the Court should exercise its discretion to apply Rule 7023.  Respondents submitted the requested brief, arguing that Rule 7023 cannot and should not be applied to the Contempt Motion.  Debtors filed a reply.  The Court heard argument on Debtors' motion to

apply Rule 7023 on February 11, 2014, and at the conclusion of the hearing took the motion under advisement.

II. Analysis

A. Bankruptcy courts have discretion to apply Rule 7023 to contempt proceedings.

The parties initially spar over whether the Court has discretion to apply Rule 7023 to the Contempt Motion. Debtors argue that the Court does, relying on the language of Rule 9014, which provides that bankruptcy courts may apply adversary proceeding rules to any contested matter. Respondents argue that Rule 7023 cannot be applied to motions for contempt because "an order finding a creditor in contempt for violating a debtor's bankruptcy discharge injunction must be entered in that debtor's own bankruptcy case." [Doc. 70 at 4]. Relying on a 1911 Supreme Court case, *Gompers v. Bucks Stove & Range*, 221 U.S. 418 (1911), which held that civil contempt proceedings are tried as part of the "main cause," Respondents argue that a class contempt motion in Debtors' case would impermissibly adjudicate whether Respondents violated the proposed class members' discharges in a bankruptcy case other than those members' own cases.

The Court rejects Respondents' argument for two reasons. First, *Gompers* only held that civil contempt is tried by motion in an underlying main case, not as a freestanding proceeding. Adjudicating the potential class members' contempt claims by motion in Debtors' main case does not violate that principle. Second, unlike contempt proceedings in district courts, on which the Federal Rules of Civil Procedure are silent, contempt proceedings in bankruptcy courts are directly regulated by the Federal Rules of Bankruptcy Procedure. Specifically, Rule 9020 provides that contempt proceedings in bankruptcy are governed by Rule 9014, and Rule 9014 confers broad discretion on this Court to apply Rule 7023 to Debtors' Contempt Motion.

1. *Gompers*

*Gompers*, decided 103 years ago, was the Supreme Court's first major attempt to clarify what it has since described as the "somewhat elusive distinction between civil and criminal contempt." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 830 (1994). *Gompers* involved a contempt proceeding against Samuel Gompers for violations of an injunction entered in a lawsuit between Gompers and Buck's Stove and Range Company. The issue before the Court was whether the contempt proceeding was civil or criminal.

In answering that question, the Court looked to a number of factors that traditionally distinguished civil contempt from criminal contempt at common law. One of the common-law factors the Court considered was whether the proceeding was separate from the original lawsuit between Gompers and Buck's Stove. Civil contempt proceedings, the Court explained, "are between the original parties, and are instituted and tried as a part of the main cause. But, on the other hand, proceedings at law for criminal contempt are between the public and the defendant, and are not a part of the original cause." *Id.* at 444–45. The Court then applied this rule to the facts before it to determine whether the contempt proceeding on review was criminal or civil. Noting that the contempt motion and all pleadings filed within the contempt proceeding shared the caption of the underlying suit, and that the rules of procedure applicable to the underlying suit were applied in the contempt proceeding, the Court concluded that, procedurally, the contempt proceeding appeared to be civil. *Id.* at 446–48.

The *Gompers* rule does not bar the procedures that Debtors request the Court apply in this case. *Gompers* simply held (or more accurately, observed) that civil contempt proceedings are tried within an underlying main case, not as a freestanding proceeding. The Court honored this holding when it dismissed Debtors' adversary proceeding and held Debtors' only recourse

5

was a contempt motion filed in their bankruptcy case. The question in this case is whether alleged systemic contempts of dozens of identical discharge injunctions, entered in dozens of bankruptcy cases, must be adjudicated separately in each of the underlying cases, or may be adjudicated by way of a class-motion for contempt filed in one of the underlying cases. *Gompers* did not involve violations of multiple injunctions entered in multiple cases, and therefore had no occasion to address this question. Nor, of course, did FRCP 23 exist at the time *Gompers* was decided. In short, *Gompers* provides little if any guidance here. Here, what controls are the Rules of Bankruptcy Procedure, which regulate contempt proceedings in bankruptcy.

2. Rule 9014

The Federal Rules of Bankruptcy Procedure divide the universe of disputes in bankruptcy into two types of proceedings–adversary proceedings and contested matters. Adversary proceedings "are lawsuits filed within a bankruptcy case." *In re Ballard*, 502 B.R. 311, 320 (Bankr. S.D. Ohio 2013). Adversary proceedings are governed by Part VII (Rules 7001-7087) of the Rules, which incorporate by reference the bulk of the Federal Rules of Civil Procedure. Rule 7001 designates which proceedings are adversary proceedings. *See* Fed. R. Bankr. P. 7001. Contested matters, then, are simply disputes in bankruptcy cases that are not defined as adversary proceedings under Rule 7001. They include, for example, objections to confirmation of a chapter 11 plan, objections to proofs of claim against the bankruptcy estate, objections to exemptions, contested motions for relief from the automatic stay, and contested motions to dismiss or convert a bankruptcy case. *See* Fed. R. Bankr. P. 9014 advisory committee note. Pursuant to Rule 9020, contested matters expressly include contempt proceedings. Fed. R. Bankr. P. 9020.

Rule 9014 governs procedure in contested matters. In addition to several general provisions regarding motion practice, notice, and service, Rule 9014 applies twenty-five of the Part VII rules to contested matters, which in turn incorporate by reference twenty-five of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9014(c). Rule 7023 is not included.

While the Rules mandate the application of fewer procedural rules to contested matters than adversary proceedings, the drafters provided the Court with discretion to employ additional procedures to a particular contested matter when this might be useful. Therefore, Rule 9014(c) provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014(c). Aside from requiring that the court must give the parties notice of its order directing that a Part VII rule applies, neither Rule 9014 nor the advisory committee note contain or suggest any limitations on a bankruptcy court's discretion to apply Part VII rules.

The history of Rule 9014 also confirms a broad discretion. Rule 9014's predecessor, Rule 914, effective from 1973 to 1983, likewise contained identical language to Rule 9014 permitting the application of other Part VII rules in contested matters. The Advisory Committee explained the discretion it gave bankruptcy courts to apply all Part VII rules in Rule 914, writing that in some cases, "litigation of a particular dispute, although not an adversary proceeding as defined in Rule 701 [now Rule 7001], may become sufficiently serious and complicated to warrant the court's direction that the procedure be governed by rules that govern such proceedings." Fed. R. Bankr. P. 914 advisory committee note (1973); *see also* George M. Treister, *The New Bankruptcy Rules*, 48 CAL. ST. B.J. 523, 597 (1973) (Rule 914 gave "the

bankruptcy judge . . . discretion to make applicable to the resolution of *any* contested matter *any* of the adversary rules that may be useful.") (emphasis added).[1]

In the forty-one years since Rule 9014's predecessor was adopted, bankruptcy courts have done just that–apply any Part VII rule that may be useful to any contested matter.[2] Most notably for purposes of Debtors' motion, numerous circuits, including the Sixth, have held that bankruptcy courts may apply Rule 7023 to proofs of claim. *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1469–70 (6th Cir. 1989); *Gentry v. Siegel*, 668 F.3d 83, 89–91 (4th Cir. 2012); *Birting Fisheries, Inc. v. Lane (In re Birting Fisheries, Inc.)*, 92 F.3d 939 (9th Cir. 1996); *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); *In re Am. Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988). These cases are notable not only because they involve the application of the same rule at issue here, but also for their reasoning. Since the Seventh Circuit's 1988 decision in *American Reserve*, federal courts, including the Sixth Circuit, have almost unanimously held that Rule 9014's express grant of authority to apply Rule 7023 in contested matters overcomes any implied prohibition of class proofs of claim in the Bankruptcy Code or Rules. As the Sixth Circuit

---

[1] Mr. Treister was a member of the 1973 Advisory Committee, and wrote the cited article to explain the new Rules to the bar.

[2] Bankruptcy courts apply a wide array of Part VII rules in contested matters. They have applied Rule 7012, which incorporates FRCP 12 by reference, to a motion to disqualify creditor votes for plan confirmation, *In re Adelphia Communications Corp.*, 359 B.R. 54, 56 n.5 (Bankr. S.D.N.Y. 2006) (applying Rule 7012 because "I've found demurrers to be a useful procedural mechanism to decide some kinds of contested matters economically"), to a motion for contempt, *In re Timmons*, 11-20513-7, 2012 WL 4435522, at *3 (Bankr. D. Kan. Sept. 24, 2012), to a motion to allow administrative expenses, *In re Best Products Co., Inc.*, 210 B.R. 714, 716 (Bankr. E.D. Va. 1997), to a motion for turnover, *In re Carlson*, 211 B.R. 275, 278 (Bankr. N.D. Ill. 1997), to a proof of claim, *In re Nortel Networks, Inc.*, 469 B.R. 478, 496–97, and to a claims objection, *In re Lehman Bros. Holdings Inc.*, 474 B.R. 441, 446 (Bankr. S.D.N.Y. 2012). They have applied Rule 7008, which incorporates FRCP 8 by reference, to applications for post-petition interest, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 743–44 (Bankr. S.D. Tex. 2010), and to applications for administrative expenses, *In re Chester County Plastics, Inc.*, 174 B.R. 41, 44 (Bankr. E.D. Pa. 1994). They routinely apply Rule 7015, which addresses the amendment of pleadings, to proofs of claim. *See In re DePugh*, 409 B.R. 84, 98-99 (Bankr. S.D. Tex. 2009) (collecting cases). They have also applied Rule 7015 to a motion to avoid a lien, *In re Andrews*, 500 B.R. 214, 216 n.8 (Bankr. N.D. Ga. 2013), and to a motion for turnover, *In re Herlan*, 09-2665, 2010 WL 56019, at *3 (Bankr. N.D.W. Va. Jan. 6, 2010) *aff'd sub nom. Herlan v. Timberline Four Seasons Resort, Inc.*, 441 F. App'x 167 (4th Cir. 2011). And they have applied Rule 7019, which addresses the joinder of necessary parties, to motions for stay relief. *See In re Kang Jin Hwang*, 396 B.R. 757, 771 (Bankr. C.D. Cal. 2008), *rev'd and remanded on other grounds sub nom. In re Hwang*, 438 B.R. 661 (C.D. Cal. 2010).

stated, "Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed. R. Civ. P. 23, the class action rule, to 'any stage' in contested matters, including class proofs of claim." *Reid*, 886 F.2d at 1469–70. Rule 9014, therefore, confers broad authority on the Court to apply any Part VII rule not enumerated in Rule 9014 to any stage of any contested matter. That authority extends to contempt proceedings.

In sum, there is no legal bar to class contempt proceedings in bankruptcy. The Rules of Bankruptcy Procedure give this Court the power to apply class procedures to Debtors' Contempt Motion. *Gompers* only holds what this Court held in dismissing Debtors' adversary proceeding: that civil contempt is tried by motion in an underlying main case, not in a freestanding proceeding. Moreover, even if *Gompers* were inconsistent with the application of Rule 7023 in this matter, the procedural rules that the Supreme Court has adopted for contempt proceedings in bankruptcy would control, not the rules it announced over a century ago for contempt proceedings in district courts.

  B. <u>The Court will apply Rule 7023 to Debtors' Contempt Motion.</u>

Debtors urge the Court to apply Rule 7023 to the Contempt Motion. Citing bankruptcy cases that certified class claims for contempt in adversary proceedings (where Rule 7023's application is mandatory), they argue that class procedures are especially appropriate in cases of alleged systemic violations of court orders that harm the integrity of the Court. The same considerations that led bankruptcy courts to certify class claims for contempt, Debtors argue, should lead this Court to take the initial step of directing that Rule 7023 applies to their Contempt Motion.

Respondents make two distinct arguments against the application of Rule 7023. First, relying on *Gentry v. Siegel*, 668 F.3d 83 (4th Cir. 2012), a case addressing the application of

9

Rule 7023 to the claims allowance process, Respondents argue that the appropriate inquiry in deciding whether to apply Rule 7023 is a comparison of the merits of individual and class adjudication of the putative class members' claims.  On that standard, Respondents contend it would be inappropriate to apply Rule 7023 for several reasons.  First, potential class members have a readily available means to pursue their claims already–individual contempt motions.  Second, attorneys do not lack incentive to file contempt motions, because attorney's fees and actual damages may be awarded for violations of the discharge injunction.  Third, there is no concern about inconsistent adjudications in this case, because each debtor's contempt claim is inherently unique; hence, consistency is not an object in contempt.

Respondents' second and final argument is that the application of Rule 7023 is inappropriate because it is extremely unlikely that Debtors would be able to satisfy Rule 7023's requirements.  Individual questions about damages would subsume any common questions of law or fact that existed and prevent class certification.

The Court agrees that the appropriate inquiry in deciding whether to apply Rule 7023 to a contested matter is whether class procedures are superior to non-class procedures with respect to the contested matter at issue.  *See Gentry*, 668 F.3d at 92–94.  However, the Court disagrees with Respondents on whether class procedures are superior to individual procedures in this case.

Here class procedures are superior to the individual contempt motion process for a number of reasons.  First and most importantly, class procedures would enhance the chance that the potential class members' contempt claims are adjudicated and any systemic violation of discharges on Respondents' part is discovered.  Respondents claim that individual debtors can easily move for contempt in their existing bankruptcy cases and that their counsel have

incentives to pursue such motions. But Respondents greatly overstate the ease of bringing, and incentives to bring, individual contempt motions.

Once a debtor is discharged and his bankruptcy estate is administered, his bankruptcy case is closed. *See* 11 U.S.C § 350(a). To file a contempt motion for violations of the discharge, he must first move to reopen his case. *See* 11 U.S.C. § 350(b); *In re Grihalva*, No. 11-26893, 2013 WL 5311227, at *3 (Bankr. D. Nev. Sept. 3, 2013) (to move for contempt for violations of the discharge, the debtor's "underlying bankruptcy case itself obviously must be open."). By that point, his relationship with his bankruptcy counsel will have concluded, and he will need to re-engage counsel to file a contempt motion. Lacking counsel, he may not realize that a prohibited collection attempt violates his discharge and may believe that he is obligated to pay an otherwise discharged debt.

If he does attempt to re-engage counsel, he may find, contrary to Respondents' contention, that attorneys have little incentive to pursue his contempt claim. While attorney's fees are recoverable in a successful contempt motion for violations of the discharge, additional compensatory damages may be nominal; thus, counsel may be reluctant to take a fee risk and pursue an individual matter where payment is contingent and limited. In short, individual contempt motions for violations of the discharge are no more easy to bring, or likely to be brought, than individual lawsuits for low-value claims. Allowing Debtors to attempt to certify a class-motion for contempt is far more likely to result in an adjudication of potential class members' claims than the alternative. For this reason, several courts have held in certifying contempt classes that a class procedure was clearly superior to individual contempt motions. *See In re Montano*, 398 B.R. 47 (Bankr. D.N.M. 2008) (considering "the improbability that large numbers of class members would possess the initiative to litigate individually"); *see also In re*

*Brannan*, 485 B.R. 443, 460 (Bankr. S.D. Ala. 2013) (noting that a "relatively small amount of compensatory damages would not justify individual suits.").

By itself, this factor would weigh in favor of applying Rule 7023. But its importance is magnified by the type of claim at issue. Debtors claim that Respondents systemically violate discharge orders entered by this Court–orders which are the cornerstone of the Court's work, essential to providing debtors a fresh start. Debtors' allegations implicate the integrity and the core functions of this Court. If Rule 7023 is not applied to Debtors' Contempt Motion, the Court may never find out whether Debtors' allegations were true, nor be able to remedy Respondents' systemic violations, if such violations did occur. If they did occur, not only has the integrity and sanctity of a standard and uniform federal court order been threatened, an (as yet) undefined number of debtors may have been harmed as well.

Respondents also argue that class procedures would not be superior to a series of individual contempt motions because class procedures would not avoid a risk of inappropriately inconsistent adjudications of individual motions. Respondents reason that contempt claims for violation of the discharge are inherently unique, and that inconsistency therefore is not a concern. This argument overstates the unique aspects of individual contempt motions. While the amount of damages that each debtor suffers on account of a creditor's violation of the discharge may be unique to that debtor, whether a creditor is in contempt of a debtor's discharge does not always present issues unique to that debtor's case. In this case the Debtors claim that Respondents made a systemic choice to send the same form collection letters to discharged debtors in this district that they send to borrowers who did not file bankruptcy. Whether those allegations are true or not, a series of individual contempt motions premised on those allegations ought to be

12

consistently adjudicated, at least as to liability. Should class certification be appropriate, class procedures would avoid the risk of inconsistent decisions.

Finally, the Court rejects Respondents' suggestion that it prejudge the likelihood of class certification in deciding whether to apply Rule 7023. "Rule 23 factors do not become an issue until the bankruptcy court determines that Rule 7023 applies by granting a Rule 9014 motion." *Gentry*, 668 F.3d at 93. Until precertification discovery occurs and Debtors file a certification motion, the Court has no way of knowing whether Rule 7023's factors have been or likely will be met.

Of course, if class certification were legally impossible for some reason, it would be futile to apply Rule 7023. *Cf. Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) (affirming a denial of precertification discovery where inconsistencies between differing state laws governing class members' claims rendered certification impossible). But Respondents have not shown that certification is legally impossible. They only argue that there will necessarily be individual questions of damages. That may be, but as the Sixth Circuit has recently held, individual damages questions do not preclude class certification; rather, it is permissible to "certify[] a class on the issue of liability only." *Glazer v. Whirlpool Corp.*, 722 F.3d 838, 861 (6th Cir. 2013).

III. Conclusion

Debtors allege that Respondents have made a practice of violating this Court's discharge orders and seek leave to conduct precertification discovery so that they may prove their allegations on a class-wide basis. No law prevents the Court from granting Debtors' request, and considerations of deterrence, economy, efficiency, and the integrity of this Court all weigh heavily in Debtors' favor.

IT IS HEREBY ORDERED that the Debtors' motion [Doc. 59] is GRANTED and the Court directs that Rule 7023 applies to the adjudication of this contested matter, the Debtors' Contempt Motion.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, April 14, 2014
(lbr)**